## The Travelers Indemnity Company *v.* Mahaney, Appellant.

*Contracts— Oral contracts— Automobile insurance— Automobile repaired under mistake of fact—Statement of claim—Affidavit of defense—Evidence—Binding instructions.*

In an action of assumpsit by an insurance company to recover money paid for the repair of defendant's automobile, it appeared that the payment was made under a mistaken belief that an insurance policy covered the damage. It further appeared that the statement of claim set up an alleged oral agreement by the defendant to reimburse the plaintiff. The agreement was denied by the defendant in his affidavit of defense and there was testimony, from which the jury might have found that the agreement, set forth in the statement, was not made.

Under such circumstances the case was for the jury, and it was error for the court to give binding instructions for the plaintiff.

In such an action, the mere payment of the amount claimed is not sufficient to charge the defendant with it; the plaintiff must show that the amount paid was a reasonable and ordinary charge for the work done.

Argued November 16, 1925. Appeal No. 18, October T., 1925, by defendant, from judgment of C. P. Bradford County, September T., 1922, No. 138, in the case of The Travelers Indemnity Company v. James Mahaney. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit for breach of contract.   Before MAXWELL, P. J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict in favor of the plaintiff in the sum of $358.57 and judgment thereon.   Defendant appealed.

*Error assigned,* among others, was the refusal of defendant's motion for a new trial.

*A. L. Reeser,* and with him *W. G. Schrier* and *B. D. Kaufman,* of *Fanning & Kaufman,* for appellant.—The court erred in giving binding instructions for the plaintiff:  Stewart v. DeNoon, 220 Pa. 154; Wilkinson Mfg. Co. v. Welde, 196 Pa. 508; Great Bear Spring Co. v. Fischman, 82 Pa. Super. Ct. 502.

*Joseph W. Beaman,* for appellee.—The binding instructions in favor of the plaintiff were proper: Girard Trust Co. v. Harrington, 23 Pa. Super. Ct. 615; McKibben v. Doyle, 173 Pa. 579; Union Trust Co. of New York v. Gilpin, 235 Pa. 524; Kunkel v. Kunkel, 267 Pa. 163.

OPINION BY HENDERSON, J., February 26, 1926:

The defendant, being the owner of an automobile, obtained a policy of insurance thereon from the plaintiff company through one of its agents.   The policy seems not to have been delivered to the insured, but was retained by the agent.   Some months afterward the automobile was damaged in a collision negligently caused by another person as alleged.   The defendant, supposing from information derived from the insurance agent that his policy entitled him to compensation for the damage, informed the agent of the accident, whereupon the latter notified an adjuster of the company who came to the defendant's place of resi-

dence at Sayre and examined the car.  He assumed, as did the agent, that the owner was protected under the policy, but refused to settle the amount of the loss, choosing rather to have the car repaired.  After making inquiry as to the probable cost of such reparation at Sayre, he decided to have the car taken to the City of Wilkes-Barre where it was repaired.  The cost thereof was $532.10, a large part of which consisted of labor at $1.80 an hour.  There was included in the above total the sum of $28.73 for removing the car from Sayre to Wilkes-Barre.  Some time after the car was repaired and turned over to the Interstate Motor Company to which the defendant had transferred it in exchange for a new car, the plaintiff discovered that the defendant's policy did not include indemnity for an injury to the defendant's car.  The defendant was informed of this fact and notified to come to the office of the adjuster at Wilkes-Barre where a discussion of the subject was had; the agent of the company demanding payment by the defendant of the amount paid for the repair and hauling of the car, and the defendant denying his liability.  He was induced to pay $250 on the claim.  This was done, as alleged by him, because of threats of the plaintiff's agent of prosecution for obtaining money by false representation or by fraud. The agent alleged that when the case was presented to the defendant after a somewhat protracted discussion and the denial of liability by the defendant, he promised to pay the balance in 60 days and that a credit of payment then made was pursuant to such promise. No further payments were made and this action was subsequently brought to recover the balance alleged to be due.  At the trial the court gave binding instructions for the plaintiff.  The statement of claim contains a recital of facts relating to the issuing of the policy, the occurrence of the accident, and the mistake of the plaintiff's agent with respect to taking

the car to Wilkes-Barre and causing the repairs to be made. The 8th paragraph sets forth that the plaintiff, having discovered the mistake as to responsibility, demanded from the defendant the amount of its claim and that the defendant in the City of Wilkes-Barre about May 28, 1921, "promised and agreed with plaintiff to pay to it the said sum of $560.83;" that at the said time and place, the defendant did pay to the plaintiff the sum of $250 to apply on his indebtedness "and then and there specifically promised and agreed to pay the balance amounting to $310.83 within 60 days." The said contract to pay said indebtedness was oral; that pursuant to said promise the plaintiff's agent then and there orally agreed the defendant should be allowed a period of 60 days therefrom to pay the balance; that the defendant did not pay the said balance at the end of 60 days "under said agreement." The statement concludes in the 10th paragraph with the averment that the sum of $310.83 with interest from May 28, 1921, "is justly due and payable under said oral agreement made on or about May 28, 1921." It is evident from the form of the statement that the cause of action rested on an express promise of the defendant. It is nowhere averred in the statement that liability sought to be enforced was on an implied assumpsit arising out of the alleged payment by mistake. The defendant was warranted in assuming that the plaintiff intended to show that the contract set forth in the statement had been entered into and he accordingly specifically denied in the 8th paragraph of the affidavit of defense that he ever made an oral agreement to pay the plaintiff the amount claimed or any part thereof and thus the case stood on the pleadings at the trial. Testimony was taken on the respective sides as to what took place at Wilkes-Barre from which a jury might have found that a dispute took place there in which the defendant disclaimed any liability and that the prom-

-ise as set forth in the statement was not made. It is a reasonable requirement of the law that the plaintiff accurately set forth the material grounds of his action. The defendant is only required to answer what is alleged against him as a legal liability. As the whole case rested on parol evidence with respect to the alleged oral contract and the transaction alleged by the plaintiff was denied by the defendant, a disputed question was presented which required the submission of the case to the jury. The learned trial judge was in error therefore in giving binding instructions in this view of the case.

For another reason the case should have been submitted. The plaintiff's claim was for the amount paid out in the repairing of a car; its action with respect thereto was wholly voluntary; it caused the car to be moved to a distant city for repair. It does not appear that any request was made of any other person or company in the City of Wilkes-Barre for a bid on the work, nor is there any evidence that the amount paid was a reasonable and ordinary charge for the work done. The car was repaired as to a number of its parts and considerable time was consumed in making the repairs at what, from the plaintiff's witness, was the highest charge prevailing in the city for such work. In view of the character of the work and the price paid for the labor, the mere fact of the payment of the amount claimed is not sufficient to charge the defendant with it.

Other assignments relate to the admission of evidence and the effect of the Practice Act on the pleadings, particularly with reference to the affidavit of defense. As the case must go back for a retrial, we deem it unnecessary to discuss the questions referred to at this time, as the matters contended for may disappear in case there should be amendments of the pleadings.

The judgment is reversed with a venire.